UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BARBARA BRENNAN, ET AL., | : | CIVIL ACTION NO. 14-4988 (RMB-KMW) |
| Plaintiff(s), | : | |
| v. | : | |
| HARRAH'S ATLANTIC CITY, | | |
| | : | |
| Defendant(s), | : | |

## CIVIL JUDGMENT

**IT APPEARING** that an Arbitration Award was filed on October 26, 2015, and that 30 days have elapsed from the entry of the award without any party demanding a trial de novo;

**IT IS** on this 1st day of December, 2015,

**ORDERED** that in accordance with the Arbitration Award and Local Civil Rule 201.1(g), the Arbitration Award is UNSEALED and JUDGMENT is entered.

BY THE COURT:

_____
**RENÉE MARIE BUMB**
**UNITED STATES DISTRICT JUDGE**

**ATTEST:**

**BY: s/James Quinlan, Arbitration Clerk**

DNJ-Arb-003

FILED

OCT 26 2015

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

AT 8:30_____M
WILLIAM T. WALSH
CLERK

BARBARA BRENNAN and
DOMINIC CAPITOLA h/w

Plaintiff(s),

v.

HARRAH'S ATLANTIC CITY

Defendant(s).

CIVIL NO. 1:14-CV-04998-RMB-KMW

ARBITRATION AWARD
PURSUANT TO LOCAL CIVIL
RULE 201.1

AND NOW, this 15th day of October, 2015, the undersigned arbitrator having been duly certified and sworn and having heard the above-captioned civil action on September 18th, 2015, in the presence of and on notice to Anthony F. DiMento, counsel for the plaintiffs Barbara Brennan & Dominic Capitola h/w, and Lawrence M Kelly, counsel for the defendant Harrah's Atlantic City and _____, counsel for _____;

And the parties having presented such testimony and submitted such pleadings, discovery, reports and other documents as counsel deemed necessary for the Arbitrator's consideration;

The Arbitrator does hereby make the following Arbitration Award pursuant to Local Civil Rule 201.1 in favor of Harrah's Atlantic City, and against Barbara Brennan & Dominic Capitola h/w, in the amount of — 0 —.

_____
ARBITRATOR

NOTICE

**This award will become a final judgment of the court, without the right of appeal, unless a party files with the court a Demand for a Trial De Novo within (30) days (60 days for all parties in actions in which the United States or any employee or agency thereof is a party) after the entry of the arbitration award**

BARBARA BRENNAN   and DOMINIC CAPITOLO, h/w   vs.

HARRAH'S ATLANTIC CITY

Civil Action No. 1:14  - CV-04988  - RMB  - KMW

STATEMENT IN SUPPORT

On December 9, 2012. plaintiff Barbara Brennan who was a guest at defendant's casino fell in the elevator lobby when returning to her room. She claimed it happened when her left foot got stuck on a "sticky" substance on the floor causing her to fall and sustain significant injuries to her arm and face. The undersigned arbitrator, having heard the testimony of the plaintiff, and having reviewed the exhibits, including the defendant's security video tape, and by a preponderance of the evidence make the following findings of fact and conclusions of law.

It is the defendant's duty to provide safe premises for its invitees such as plaintiff, and to eliminate any dangerous conditions. Its failure to do so constitutes negligence. Defendant maintains that there was no substance on the floor which caused plaintiff to fall. Rather, she tripped over her own feet which had become tangled up and it relies on the tape to prove that. I find that the tape is not sufficiently clear as to the mechanics of the fall. I am more persuaded by her testimony as to the existence of the "sticky" substance and find her version to be clear and credible.

In plaintiff's post-trial brief, she now raises a "Mode of Operation Rule", which if applied would relieve her of the necessity of proving that defendant had actual or constructive knowledge of the dangerous condition. Defendant counters with the recent Supreme Court case of Prioleau vs. Kentucky Fried Chicken Inc., 2015WL568 2259(N.J. 2015) which sets forth the criteria for applying said Rule. It is clear that the Rule applies only to self-service areas or those related to self-service operations. There is nothing in the record to establish that said lobby area had anything to do with with a self-service operation.

Accordingly, plaintiff has failed to prove that defendant was negligent and no award can be entered for her or her husband on his marital claim.

October 15, 2015